UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

            Plaintiff,          Case No. 21-cr-20578
                                     Honorable Victoria A. Roberts

vs.

Jordan Armstrong,

            Defendant.

---

### Stipulated Preliminary Order of Forfeiture

---

Plaintiff, by and through its undersigned attorneys, together with the defendant Jordan Armstrong ("defendant"), by and through his attorney, Sanford A. Schulman, Esq., submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Based upon the defendant's guilty plea to Count One of the Information, a violation of 18 U.S.C. § 1343, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to his violation of 18 U.S.C. § 1343, as charged in Count One of the Information.

2.      Defendant shall forfeit the following, as property involved in his violations of 18 U.S.C. § 1343:  $2,500.00 U.S. Currency at the residence at 30535 W. 14 Mile Road, Apt. 4, Farmington Hill, MI (hereinafter "Subject Property").

3.      The Subject Property **IS HEREBY FORFEITED** to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), for disposition according to law, and any right, title and interest of the defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

4.      The Subject Property was involved in the defendant's violation of 18 U.S.C. § 1343 and is therefore subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and the requisite nexus exists between the Subject Property and the conviction.

5.      In entering into this Stipulated Preliminary Order of Forfeiture, the defendant waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Fed. R. Crim. P. 32.2(b)(5).  Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

6.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final and effective as to the defendant at the time

it is entered by the Court, but remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).

7.      The forfeiture of the Subject Property shall be made part of the defendant's sentence and included in his Judgment.

8.      The defendant's counsel, Sanford A. Schulman, affirms that he has discussed this Stipulated Order with the defendant and that the defendant consents to the entry of the Stipulated Order of Forfeiture.

9.      Upon entry of this Order, the United States, its designee, the Federal Bureau of Investigation ("FBI"), and/or the U.S. Marshals Service ("USMS") are authorized, pursuant to Fed. R .Crim. P. 32.2(b)(2) and (3), to seize any property identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

10.     Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days.  The United States may also, to the extent practicable, provide direct written notice to any person or entity

known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third-party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

11.   After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

12.   If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of

4

Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

13.     If a third-party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third-party petition as provided under Fed. R. Crim. P. 32.2(c)(2).

14.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.


Approved as to form and substance:

Dawn N. Ison
United States Attorney


| S/ Cassandra M. Resposo | S/Sanford A. Schulman (with consent) |
|---|---|
| Cassandra M. Resposo (IL 6302830) | Sanford A. Schulman |
| Assistant United States Attorney | Attorney for Jordan Armstrong |
| 211 W. Fort Street, Ste. 2001 | 500 Griswold Street Suite 2340 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9736 | 313-963-4740 |
| Cassandra.Resposo@usdoj.gov | saschulman@comcast.net |
| | |
| Dated: March 30, 2022 | Dated: March 30, 2022 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated:  4/1/2022                    S/ Victoria A. Roberts
                                   Honorable Victoria A. Roberts
                                   United States District Court Judge